IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARKLEY GARDNER,** | : | No. 3:14cv858 |
| **Petitioner** | : | |
| v. | : | (Judge Munley) |
| | : | |
| **WARDEN JEFFREY THOMAS,** | : | (Magistrate Judge Blewitt) |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Magistrate Judge Thomas Blewitt's report and recommendation (hereinafter "R&R"), which proposes denying the instant petition for a writ of habeas corpus. (Doc. 14). Petitioner filed objections to the R&R (Doc. 15), and they are ripe for disposition.

**Background**[1]

Petitioner Barkley Gardner (hereinafter "petitioner"), a federal inmate presently confined at United States Penitentiary-Lewisburg (hereinafter "USP Lewisburg"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (hereinafter "section 2241") on May 5, 2014. (Doc. 1). Petitioner challenges his life sentence contending the United States Supreme Court's decision in <u>Alleyne v. United States</u>, 133 S. Ct 2151 (2013) renders the sentence unlawful.[2]

---

[1] For the purposes of this motion, these background facts are not contested and citations to the record have been omitted.

[2] <u>Alleyne v. United States</u> holds that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime, not a

On August 1, 1996, petitioner and several others were charged in a ten-count indictment in the Eastern District of North Carolina. (Doc. 2, Ex. A, Indictment). The indictment charged petitioner as follows: Count 1–Racketeering; Count 2–Racketeering Conspiracy; Count 3–Narcotics Conspiracy; Count 4–Conspiracy to Murder Lateisha Beaman; Count 5–Murder of Lateisha Beaman; Count 6–Carjacking Resulting in Death; Count 7–Using and Carrying a Firearm Causing Death to Lateisha Beaman; Count 8–Conspiracy to Murder Jason Washington; Count 9–Using and Carrying a Firearm Causing Death to Jason Washington and Count 10–Conspiracy to Kidnap Roneka Jackson. (Id.)

The indictment alleges that in 1993, petitioner and others began a large drug-trafficking enterprise in North Carolina, New York and Maryland. The group began in Brooklyn and its principal purpose was to generate money for its members and associates. Specifically, petitioner and his group engaged in various criminal activities including: illegal narcotics trafficking, robbery, kidnaping, car jacking and the threatened and actual use of violence, including murder.

Additionally, the group used alias names and identities to prevent

"sentencing factor," that must be submitted to the jury and proven beyond a reasonable doubt. 133 S. Ct. 2155-58.

government detection of their identities and illegal activities. Furthermore, the indictment alleges that petitioner was committed to murdering other persons within the group, particularly members who represented a threat or were likely to flip and become potential witnesses.

In 1996, following a month-long jury trial, petitioner and several co-defendants were convicted in the Eastern District of North Carolina on racketeering, drug and other violent crime charges. The defendant was sentenced to concurrent life sentences on Counts 1, 2, 3, 5, 6 and 7 and 120 months on Count 4. (Doc. 2-2, Ex. K, Sentencing Tr. at 19). The Fourth Circuit Court of Appeals affirmed petitioner's convictions and sentence, and the United States Supreme Court denied *certiorari*. United States v. Celestine, 43 F. App'x 586, 588 (4th Cir. 2002), cert. denied, sub nom Gardner v. United States, 537 U.S. 1095 (2002).

On May 2, 2003, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (hereinafter "section 2255"), which the district court for the Eastern District of North Carolina denied on December 22, 2006 (Doc. 2-1, Ex. F, Section 2255 Mem. & Order).

On May 5, 2014, petitioner filed a petition for a writ of habeas corpus pursuant to section 2241. Magistrate Judge Blewitt screened the petition and

3

recommended denying it on July 7, 2014. (Doc. 14). Petitioner filed timely objections to the R&R (Doc. 15) making the matter ripe for disposition.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Magistrate Judge Blewitt recommends denying the instant habeas corpus petition. Specifically, Magistrate Judge Blewitt asserts the court lacks jurisdiction over the section 2241 petition because petitioner's claims challenging his life sentence must be raised in a section 2255 petition with the sentencing court–The United States District Court for the Eastern District of North Carolina. Petitioner filed a series of objections contending that a section 2241 petition is the proper vehicle to challenge his mandatory life sentence in

light of the recent Supreme Court holding in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).

Initially, the court notes that the presumptive means for federal prisoners to challenge their convictions or sentences is a section 2255 motion, not a section 2241 petition. A section 2255 motion may challenge a conviction or sentence as a violation of the Constitution or laws of the United States or it may otherwise collaterally attack the conviction or sentence. Section 2255 "channels collateral attacks by federal prisoners to the sentencing court rather than to the court in the district of confinement so that they can be addressed more efficiently." <u>Fraser v. Zenk</u>, 90 F. App'x 428, 430 n.3 (3d Cir. 2004) (citing <u>United States v. Hayman</u>, 342 U.S. 205, 210-19 (1952)).

Review of a section 2241 petition is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. <u>See</u> 28 U.S.C. § 2255(e); <u>Okereke</u>, 307 F.3d at 120 (explaining that this exception is extremely narrow). "A motion under section 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a section 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.'" <u>Id.</u> (quoting <u>Cradle v. United States</u>, 290 F.3d 536, 539 (3d

Cir. 2002)).

Importantly, "section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended section 2255." Cradle, 290 F.3d at 539.  Section 2255 may be inadequate or ineffective where the prisoner is imprisoned for conduct that the Supreme Court later determines is not criminal and where the prisoner did not have an opportunity to raise his claim in a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  "If a prisoner attempts to challenge his conviction or sentence under section 2241, the habeas petition must be dismissed for lack of jurisdiction." Id. (citation omitted).

In the instant matter, petitioner contends that Alleyne v. United States "renders the conduct for which he is serving his present federal sentence non-criminal and that he is actually innocent of conviction and sentence . . . ." (Doc. 15, Pet'r objections to R&R at 3).  Stated differently, petitioner contends that Alleyne invalidates his concurrent life sentences.  Because petitioner is challenging his convictions and sentences, the court lacks jurisdiction over petitioner's section 2241 claim unless he establishes that section 2255 is an

6

inadequate or ineffective remedy. See 28 U.S.C. § 2255(e) (stating that "An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.")

Section 2255, however, is not inadequate or ineffective in this instance. Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466, (2000), in which the Supreme Court held that a defendant has a right under the Sixth Amendment to a jury finding beyond a reasonable doubt of all facts that increase the sentence beyond the statutory maximum. Alleyne applied Apprendi to facts that increase the mandatory minimum sentence. The Third Circuit Court of Appeals has held that Apprendi claims must be brought under section 2255. Okereke, 307 F. 3d at 120-21. It follows that Alleyne claims must also be brought pursuant to 2255. Jackman v. Shartle, 535 F. App'x 87, 89 (3d Cir. 2013). Accordingly, the court will deny the instant section 2241 petition because petitioner's habeas claim pursuant to Alleyne must be raised in a section 2255 motion with the sentencing court–the United States District

Court for the Eastern District of North Carolina.

**Conclusion**

For the above-stated reasons, the court will overrule plaintiff's objections and adopt the R&R denying petitioner's section 2241 petition. Petitioner must raise his <u>Alleyne</u> claim in a section 2255 petition with the United States District court for the Eastern District of North Carolina. An appropriate order follows.

Date:   09/02/14                                               s/ James M. Munley
                                                               **JUDGE JAMES M. MUNLEY**
                                                               **United States District Court**