# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARKLEY GARDNER, | : | No. 3:14cv858 |
|     Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN JEFFREY THOMAS, | : | |
|     Respondent | : | |

## MEMORANDUM

Before the court for disposition is *pro se* Petitioner Barkley Gardner's (hereinafter referred to as "Gardner") motion for relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. 25). Gardner asks this court to "adjudicate the merits of claims raised in [his previous habeas corpus petitions under 28 U.S.C. §§ 2241 and 2255(e)]." (Id. at 1). Also before the court for disposition is Gardner's motion under Rule 15(c), (Doc. 26), filed eighteen (18) days after his Rule 60(b)(6) motion. This matter is ripe for disposition.

**Background**

Gardner is a federal inmate presently confined at United States Penitentiary-Lewisburg. On August 1, 1996, Gardner and several others were charged in a ten-count indictment in the Eastern District of North Carolina. (Doc. 2, Ex. A, Indictment). The indictment charged petitioner as follows: Count 1B racketeering; Count 2B racketeering conspiracy; Count 3B narcotics conspiracy;

Count 4B conspiracy to murder Lateisha Beaman; Count 5B murder of Lateisha Beaman; Count 6B carjacking resulting in death; Count 7B using and carrying a firearm causing death to Lateisha Beaman; Count 8B conspiracy to murder Jason Washington; Count 9B using and carrying a firearm causing death to Jason Washington; and Count 10B conspiracy to kidnap Roneka Jackson. (Id.)

The indictment alleges that in 1993, petitioner and others began a large drug-trafficking enterprise in North Carolina, New York, and Maryland. The group began in Brooklyn and its principal purpose was to generate money for its members and associates. Specifically, petitioner and his group engaged in various criminal activities including illegal narcotics trafficking, robbery, kidnaping, carjacking and the threatened and actual use of violence, including murder.

The group used alias names and identities to prevent government detection of their identities and illegal activities. Furthermore, the indictment alleges that petitioner was committed to murdering other persons within the group, particularly members who represented a threat or were likely to "flip" and become potential witnesses.

In 1996, following a month-long jury trial, Gardner and several co-defendants were convicted in the Eastern District of North Carolina on racketeering, drug and other violent crime charges. Gardner was sentenced to

concurrent life sentences on Counts 1, 2, 3, 5, 6 and 7 and 120 months on Count 4. (Doc. 2-2, Ex. K, Sentencing Tr. at 19). The Fourth Circuit Court of Appeals affirmed Gardner's convictions and sentence on direct appeal, and the United States Supreme Court denied certiorari. See United States v. Celestine, 43 F. App'x 586, 588 (4th Cir. 2002), cert. denied, sub nom Gardner v. United States, 537 U.S. 1095 (2002).

On May 2, 2003, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the District Court for the Eastern District of North Carolina denied on December 22, 2006. (Doc. 2-1, Ex. F, section 2255 mem. & ord). The Fourth Circuit affirmed. United States v. Gardner, 231 Fed. App'x 284 (4th Cir. 2007).

On May 5, 2014 Gardner filed a petition for a writ of habeas corpus in this court pursuant to section 2241, challenging his life sentence. (Doc. 1). On July 7, 2014 Magistrate Judge Thomas Blewitt issued a Report & Recommendation in which he proposed dismissing the section 2241 petition for lack of jurisdiction. (Doc. 14). The magistrate judge reasoned that Gardner's claims challenging his life sentence must be raised in a section 2255 petition with the sentencing court – the United States District Court for the Eastern District of North Carolina.

Gardner filed timely objections contending that a section 2241 petition is the proper vehicle to challenge his life sentence under Alleyne v. United States,

570 U.S. 99 (2013). (Doc. 15). This court overruled Gardner's objections, adopted Magistrate Judge Blewitt's R&R, (Doc. 17), and Gardner appealed. The Third Circuit Court of Appeals affirmed our decision. Gardner v. Warden Lewisburg USP, 845 F.3d 99 (3d Cir. 2017). Gardner did not petition the Supreme Court of the United States for a writ of certiorari. Instead he filed the instant motions (Docs. 25, 26) on April 26, 2018 and May 14, 2018, respectively, thereby bringing the case to its current posture.

**Jurisdiction**

As explained below, the court finds that we lack subject matter jurisdiction in this case. ("The District Court had the power to ascertain its own jurisdiction," Gardner, 845 F.3d at 102 (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)).

**Standard of Review**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances...." Atkinson v. Middlesex County, 610 Fed. App'x 109, 112 (2015), citing Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). "A party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." Spuck v. Ridge, 532 Fed. App'x 100, 101 (3d Cir. 2013), citing Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008)(quoting Gonzalez,

545 U.S. at 524). "[A] party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (footnote omitted).

"Federal courts are courts of limited jurisdiction." Balon v. Enhanced Recovery Company, Inc., 264 F. Supp. 3d 597 (M.D. Pa. 2017), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Id. (internal citations omitted).

Courts are required to liberally construe *pro se* litigant's pleadings. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). The Supreme Court has held that *pro se* complaints should be held "to less stringent standards than formal pleadings drafted by lawyer." Haines v. Kerner, 404 U.S. 519, 520 (1972). This leniency, however, has its limits, and litigants, even those proceeding *pro se,* "cannot flout procedural rules – they must abide by the same rules that apply to other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

**Discussion**

Here, petitioner originally filed a section 2241 petition challenging his life sentence. We denied the petition because such claims must be raised by way of a section 2255 motion in the sentencing court, in this instance the United States

5

District Court for the Eastern District of North Carolina. (Doc. 17, Memo. of Sept. 2, 2014).

The Third Circuit Court of Appeals affirmed our decision to deny the 2241 petition. (Doc. 23, Ord. of Jan. 4, 2014). Now, more than three years after our decision, and more than a year after the Court of Appeals affirmed that decision, the petitioner asks us to again address his claims through the instant Rule 60(b) motion and Rule 15(c) motion. We find, however, that no reason exists for us to address those claims, especially in light of the fact that the Third Circuit affirmed our denial of his 2241 petition.

As set forth in our previous memorandum, the relief that petitioner seeks may only be granted by his sentencing court. We will thus deny the Rule 60(b) motion for relief from judgement and the document entitled "Motion Pursuant to Fed. R. Civ. Proc. 15(c)". An appropriate order follows.

**BY THE COURT,**

Date: May 31, 2018

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**